UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANNA SISOUNTHONE,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT NEUSCHMID, WARDEN,<br><br>    Respondent. | No. 2:18-cv-3181 DAD AC P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Respondent has moved for dismissal on grounds of non-exhaustion. ECF No. 10. The motion is fully briefed. ECF Nos. 15 (opposition), 16 (reply). For the reasons stated below, it appears to the undersigned that only Claim Two is exhausted. Rather than immediately recommending dismissal of Claims One, Three and Four, the undersigned will provide petitioner with an opportunity to file a motion for a stay pending further exhaustion.

I.    BACKGROUND AND PROCEDURAL HISTORY

    A. Trial Court

Petitioner was charged in Sacramento County with multiple counts arising from the armed robberies of three convenience stores. The perpetrator of the three robberies wore a clown mask,

1

and the primary issue at trial was petitioner's identity as the robber. On August 13, 2014, a jury found petitioner guilty of three counts of second-degree robbery in violation of California Penal Code § 211; one count of assault with a firearm (Penal Code § 245(a)(2)); two counts of false imprisonment (Penal Code § 236); and two counts of attempted second-degree robbery. ECF Nos. 11-1 at 1, 11-8 at 1.[1] Multiple firearm enhancements (Penal Code §§ 12022.5(a)(1), 12022.53(b), (c)) and a prior conviction (Penal Code 667.5(b)) were found to be true. See id. Petitioner was sentenced to fifty-seven years, four months in prison. Id.

### B. State Post-Conviction Proceedings

Petitioner appealed his conviction and sentence. The opinion of the California Court of Appeal indicates that petitioner presented the following eight grounds for relief: (1) trial counsel's representation was constitutionally deficient because he did not object to the introduction of lay opinion; (2) the prosecutor committed prejudicial misconduct by soliciting lay opinion; (3) the evidence was insufficient as to one count of robbery because the victim did not possess the money; (4) the conviction for assault with a firearm was defective because the trial court did not instruct the jury on all elements of the offense; (5) the trial court imposed unauthorized sentences for attempted robbery; (6) the trial court erred by imposing consecutive sentences; (7) the trial court erred by failing to give reasons for imposing consecutive sentences; and (8) the court acted in excess of its jurisdiction when it allowed the prosecution to amend the information to change a prior conviction allegation after the jury had been discharged. ECF No. 11-2 at 1-2.

On October 30, 2017, the appellate court ruled that the trial court had erred by failing to obtain petitioner's waiver of a jury trial as to a new prior conviction allegation. Id. All of petitioner's other allegations of error were determined to be without merit. Id. The judgment was accordingly affirmed as modified.[2] Id. at 22-23.

---

[1] The original abstract of judgment states that petitioner was convicted of burglary on Counts One, Five and Six. ECF No. 11-1 at 1. This was an error that was subsequently corrected pursuant to order of the California Court of Appeal. See ECF No. 11-2 at 23 n.2 (order to amend); see ECF No. 11-8 (amended abstract of judgment).

[2] The California Court of Appeal modified the trial court judgment by striking: (1) the true finding on the second prior conviction and prison term for possession of ammunition by a

On or around November 30, 2017, petitioner filed a petition for review in the California Supreme Court. ECF No. 11-3. The petition presented four issues: (1) whether amendments to Penal Code sections 12022.5 and 12022.53 (firearm enhancements) apply to sentenced defendants whose cases are not yet final; (2) whether, when analyzing prejudice from multiple missing elements in a jury instruction, harmless error beyond a reasonable doubt can be found when there is conflicting evidence regarding one or more of the missing elements; (3) whether a jury's ability to review certain evidence for themselves necessarily defeats a defendant's showing of prejudice caused by inadmissible lay opinion regarding that same evidence and that evidence relates to the ultimate issue in dispute; and (4) whether a reviewing court may infer, under the substantial evidence standard, that a bystander at an attempted convenience store robbery was also the victim of an attempted robbery of his own personal funds by virtue of the robber's command "Give me all the money" directed at the counter area. ECF No. 11-3 at 8-9.

On January 31, 2018, the California Supreme Court granted the petition and transferred the case to the California Court of Appeal, directing it to vacate its decision and reconsider the matter in light of Senate Bill 620. ECF No. 11-4. That legislation had granted the courts discretion to strike firearms enhancements. ECF No. 11-5 at 23-24. The Court of Appeal in turn remanded the case to the superior court, for the exercise of its discretion under the new law. ECF No. 11-5 at 23-24. On resentencing, the superior court re-imposed the original sentence. ECF No. 11-8 (amended abstract of judgment filed July 27, 2018).

On or around May 17, 2018, petitioner filed a second petition for review in the California Supreme Court. ECF No. 11-6. This petition restated the issues presented in the first petition for review regarding the evaluation of prejudice from instructional error, the jury's consideration of lay opinion evidence, and whether the evidence was sufficient to establish that a bystander had been a victim. Id. at 2-3. The petition was denied without comment or citation. ECF No. 11-7.

////

---

convicted felon, and (2) the associated one-year enhancement imposed for that prior prison term. As a result, the matter was remanded to the trial court to prepare and deliver an amended abstract of judgment to the California Department of Corrections and Rehabilitation. ECF No. 11-2 at 23-24, n.2.

C. Federal Petition

The federal petition was docketed on December 10, 2018. ECF No. 1. It presents the following four grounds for relief: (1) imposition of consecutive sentence violated California Penal Code section 654's prohibition against multiple punishment; (2) the prosecutor's questioning of witnesses and use of surveillance videos at trial violated due process by suggesting petitioner's identification; (3) trial counsel was ineffective assistance in failing to request a lineup and not objecting to the prosecutor's improper expert opinion about DNA evidence; and (4) the prosecutor committed misconduct and violated petitioner's confrontation rights by offering expert opinion about DNA evidence that constituted hearsay. Id. at 4-5. A lengthy supporting memorandum includes argument in support of these claims and references numerous other issues that are not specified as grounds for relief. Id. at 7-39. The petition is supported by hundreds of pages of exhibits.

II.   MOTION TO DISMISS

Respondent contends that the petition should be dismissed because Claims One, Three and Four, as well as certain factual allegations and any putative claims based on them, are unexhausted. ECF No. 10. Petitioner argues in opposition that he exhausted all claims in the California Court of Appeal except for Claims Five and Six, which were withdrawn by appellate counsel. ECF No. 15 at 2-3.[3] Petitioner notes that the California Supreme Court "denied the request to review the Appellate Court's decision." Id. at 3. He appears to argue that these facts demonstrate exhaustion.

III.   THE EXHAUSTION REQUIREMENT

The exhaustion of available state remedies is a prerequisite to a federal court's jurisdiction to consider claims presented in a habeas corpus petition. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509 (1982). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all of his claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768

---

[3] Petitioner's references to "Claims Five and Six" must reflect the numbering of claims on appeal in state court, as the federal petition does not contain any Claims Five and Six.

F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).  A petitioner has not exhausted his claims "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. 2254(c); Carey v. Saffold, 536 U.S. 214, 220 (2002).

"Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims."  Henderson v. Johnson, 710 F. 3d 873, 873 (9th Cir. 2013) (citing Rose, 455 U.S. at 518-19).  If a federal petition includes unexhausted claims, the petitioner must be permitted to delete the unexhausted claims and proceed with the exhausted ones.  See Jones v. Bock, 549 U.S. 199, 222 (2007) (citing Rhines, supra, 544 U.S. at 278); Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014); see Kelly, 315 F.3d at 1069-70 (reversing dismissal of mixed petition so court could offer petitioner opportunity to dismiss unexhausted claims and proceed to merits of others).  "If a stay is not appropriate, the well-established rule that the district court is not to retain jurisdiction over mixed petitions applies."  Wooten v. Kirkland, 540 F.3d 1019, 1026 (9th Cir. 2008) (citing Olvera v. Giurbino, 371 F.3d 569, 572 (9th Cir. 2004)).

IV.   DISCUSSION

A. Only Claim Two is Exhausted

1. Claim One

Petitioner's challenge to his consecutive sentences, Claim One of the federal petition, was raised in the California Court of Appeal but was never presented to the California Supreme Court. See ECF Nos. 11-3, 11-6 (petitions for review).  This claim is therefore unexhausted.[4]  See Picard, 404 U.S. at 276.

2. Claim Two

Respondent acknowledges that Claim Two of the federal petition was previously presented to the California Supreme Court and is therefore exhausted.  In Claim Two, petitioner "challenges suggestive identification under due process and the right to exclude identification

---

[4] The claim is based on an alleged violation of the California Penal Code rather than any federal right, and therefore provides no basis for federal habeas relief in any event.  See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (question of state sentencing law are not cognizable in federal habeas).

testimony." ECF No. 1 at 4.  He alleges that "unnecessarily suggestive procedures" led to "an irreparably mistaken identification." Id.  The supporting memorandum includes discussion of the trial testimony and video surveillance evidence that was introduced to prove that petitioner was the robber, and attacks that evidence as improper and insufficient.  Petitioner also contends that statements by the prosecutor about this evidence constituted impermissible opinion testimony. Id. at 19-20.  This issue was included in both of petitioner's applications to the California Supreme Court, which sought review of the intermediate appellate court's ruling that any error regarding the identification evidence was harmless because the jurors had reviewed the video themselves. See ECF No. 11-3 at 27-32; ECF No. 11-6 at 14-19.  Accordingly, Claim Two is exhausted.

### 3. Claim Three

Claim Three, alleging ineffective assistance of trial counsel, was presented to the intermediate appellate court but not included in either petition for review in the California Supreme Court.  See ECF Nos. 11-3, 11-6.  Because the claim was not presented to the highest state court, it is unexhausted.  See Baldwin v. Reese, 541 U.S. 27, 29 (2004).

### 4. Claim Four

Claim Four contends that the prosecutor made statements about DNA evidence that amounted to hearsay testimony and violated petitioner's Sixth Amendment right to confrontation.  This issue was not presented in the petitions for review.  ECF Nos. 11-3, 11-6.  Although there are references in those petitions both to DNA evidence and to other allegedly improper statements by the prosecutor, neither petition mentions hearsay or the Confrontation Clause as an issue presented for review.  Accordingly, Claim Four is unexhausted.

### 5. Additional Factual Matter

Respondent contends that additional factual allegations, included in a lengthy narrative attached to the petition, are unexhausted to the extent they are intended to support additional claims.  See ECF No. 10 (motion to dismiss) at 1, 4.  The undersigned does not construe the petition to state claims other than those expressly identified as grounds for relief.  See ECF No. 1 at 4-5 (Grounds for Relief One through Four).  Petitioner's addendum appears to be largely a patchwork memorandum in support of his stated claims, borrowed from prior briefing in the state

appellate courts. Id. at 7-39. Petitioner's opposition to the motion to dismiss, ECF No. 15, contains no indication that petitioner is attempting to present substantive grounds for relief other than the four expressly identified. See ECF No. 15. Accordingly, there are no additional claims which must be evaluated for exhaustion.[5]

### B. The Petition is Mixed

Because the petition contains one exhausted claim and three unexhausted claims, it constitutes a mixed petition that cannot be entertained. Before recommending dismissal of Claims One, Three and Four on the grounds stated above, the undersigned will provide petitioner the opportunity to file a motion to stay this case pending exhaustion of his unexhausted claims in state court.

## V. STAY AND ABEYANCE

### A. Governing Law

There are two kinds of stays available to a Section 2254 petitioner who wishes to exhaust claims in state court. One is established by Rhines v. Weber, 544 U.S. 269 (2005), and the other is established by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1148-49 (9th Cir. 2007).

Under Rhines, the district court stays the petition in its entirety, without requiring dismissal of any unexhausted claims, while the petitioner attempts to exhaust them in state court. King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009). A Rhines stay is available only in limited circumstances, where: (1) good cause is shown for petitioner's failure to have exhausted all claims in state court prior to filing the federal petition; (2) the unexhausted claim or claims

---

[5] The exhaustion requirement applies to claims, not to individual factual allegations or items of evidence. See Correll v. Stewart, 137 F.3d 1404, 1414 n.2 (9th Cir.), cert. denied, 525 U.S. 996 (1998); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008). Accordingly, the undersigned need not address respondent's contention that certain "facts" are unexhausted. Petitioner's exhausted *claim* is, of course, limited to the factual basis for relief that was presented to the California Supreme Court. See Rose, 455 U.S. at 513. And only the allegations and evidence that were before the state court may be considered in determining whether AEDPA's limitations on relief, 28 U.S.C. § 2254(d), preclude consideration of the exhausted claim. See Cullen v. Pinholster, 563 U.S. 170, 181-83 (2011). The scope of § 2254(d) review is an issue distinct from the exhaustion doctrine, however.

potentially have merit; and (3) there is no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78; see Jackson v. Roe, 425 F.3d 654, 660-61 (9th Cir. 2005). This type of stay preserves the original federal filing date of the previously unexhausted claims, to prevent them being time-barred by the need for exhaustion. See King, 564 F.3d at 1140.

The Kelly stay procedure operates as follows: (1) the petitioner amends the mixed petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, which, in turn, provides the petitioner with the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition. See King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). This procedure does not prevent the newly exhausted claims from being time-barred.[6]

### B. Discussion

Petitioner will be provided the opportunity to move for a stay pending exhaustion, if he wishes to do so, before the undersigned issues Findings and Recommendations on the pending motion to dismiss. In deciding what to do, petitioner should consider the following.

A Rhines stay requires meritorious claims and a showing of good cause for failing to have previously presented the claims to state court. Petitioner's lack of knowledge or lack of resources does not constitute good cause under Rhines. See Wooten, 540 F.3d at 1024; Blake v. Baker, 745 F.3d 977, 981 (9th Cir. 2014); Torres v. McDowell, 292 F.Supp.3d 983, 988 (C.D. Cal. 2017). Even in the few cases where this standard is met, stay and abeyance under Rhines does not guarantee that claims can proceed in federal court following exhaustion. If, as appears likely in

---

[6] If the one-year statute of limitations has expired by the time the petitioner returns to federal court, new claims may be amended into a pending federal habeas petition only if they share a common core of operative facts with the claims in the pending federal habeas petition. See Mayle v. Felix, 545 U.S. 644, 659 (2005). "A new claim does not 'relate back' to the filing of an exhausted petition simply because it arises from 'the same trial, conviction, or sentence'." King, 564 F.3d at 1141 (quoting Mayle, 545 U.S. at 662-64). In other words, unlike the Rhines procedure, the Kelly procedure "does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141.

this case due to its age and procedural history, the California Supreme Court rejects claims on procedural grounds (as brought too late, for example, or because they weren't included in previous petitions), then the claims may be exhausted but procedurally defaulted.  The procedural default doctrine is another bar to federal habeas review.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

If petitioner seeks a stay under Kelly, on the other hand, it appears likely that any claims exhausted during a stay would be time-barred.  That would mean they could not proceed in this court even if exhausted and not procedurally defaulted.

If plaintiff wishes to file a motion for a stay notwithstanding these challenges, he may do so within 30 days.  A motion for a Kelly stay must be accompanied by an amended petition containing Claim Two only; a Rhines motion does not require this.  Following briefing, the undersigned will resolve any stay motion together with the pending motion to dismiss.

If plaintiff would prefer to move ahead immediately on Claim Two only, dropping his other claims, he may file an amended petition instead of a motion for a stay.  If petitioner files an exhausted-claims only petition *without* seeking a Kelly stay, the motion to dismiss will be moot and respondent will be ordered to answer Claim Two.

Finally, if petitioner fails to file either a motion to stay or a fully exhausted petition within 30 days, the undersigned will recommend the dismissal of Claims One, Three and Four on the grounds set forth above.

### VI.   PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

The magistrate judge finds that Claim Two (due process violations by the prosecutor related to identification evidence) is the only claim in your federal habeas petition that you presented to the California Supreme Court.  That means it is your only exhausted Claim.  Including issues in your appeal doesn't exhaust them unless they are also in your petition for review.  Before recommending to the district judge that Claims One, Three and Four be dismissed, the magistrate judge is letting you file a motion for a stay if you want to attempt exhaustion at this point by going back to state court.

////

Within the next 30 days you may file a motion for a stay if you want to take your unexhausted claims to the state courts. The process for doing this, and the risks involved, are described above. If you move for a stay, that motion and the motion to dismiss will be resolved together.

If you would prefer to just go ahead with Claim Two and drop your other claims, you can do that by filing an amended petition containing Claim Two only *instead* of moving for a stay.

If you do none of these things by the deadline, the magistrate judge will recommend that Claims One, Three and Four be dismissed. You would have the opportunity to object to the recommendation if you disagree with the exhaustion analysis above.

## CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 10) remains under submission;
2. Within thirty (30) days of the date of this order, petitioner may file a motion for a stay under Rhines v. Weber, 544 U.S. 269 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). Any motion for a Kelly stay must be accompanied by an amended petition including Claim Two only;
3. In the alternative, if petitioner wishes to proceed on Claim Two immediately and drop his other claims, he may within 30 days file an amended petition *without* seeking a stay; and
4. If petitioner neither moves for a stay nor voluntarily dismisses Claims One, Three and Four by amendment, the undersigned will recommend that respondent's motion to dismiss (ECF No. 10) be granted as to those claims.

DATED: November 7, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE