UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANNA SISOUNTHONE, | No. 2:18-cv-3181 DAD AC P |
| Petitioner, | |
| v. | ORDER |
| ROBERT NEUSCHMID, WARDEN, | |
| Respondent. | |

Petitioner has moved for reconsideration of the court's order directing him to file a motion for stay of these proceedings pursuant either to Rhines v. Weber, 544 U.S. 269 (2005) or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). ECF No. 23. For the reasons stated below, the motion will be denied. Consistent with the court's order issued November 8, 2022 (ECF No. 20), petitioner will be ordered to either file a motion to stay these proceedings while he returns to state court to exhaust or to file an amended petition and proceed solely on exhausted Claim Two.

I.  MOTION FOR RECONSIDERATION

In the motion for reconsideration, petitioner asks the court to reevaluate its finding that Claims Three and Four in the federal petition – ineffective assistance of counsel and prosecutorial misconduct – were not exhausted in the California Supreme Court. ECF No. 23 at 3-5. He also asks the court to grant him leave to amend the petition so that he can solely raise Claims Two, Three and Four. Id. at 5-6.

II. DISCUSSION

The motion for reconsideration must be denied. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (brackets added) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)); Cunningham v. Kramer, 178 F. Supp. 3d 999, 1002 (E.D. Cal. 2016) (citing Marlyn).

The court has determined that Claims One, Three and Four have not been exhausted. ECF No. 20 at 5-7. Petitioner's motion for reconsideration provides no additional facts to support a different finding; he simply reiterates his belief that Claims Three and Four have been exhausted. He makes no mention of the unexhausted Claim One, and he seems to argue that a convoluted, unclearly presented claim in his June 2018 petition for review is the same as some of the claims he has raised in the instant petition. See ECF No. 23 at 3-5.

Petitioner must exhaust all claims in the California Supreme Court before this court may consider them. See 28 U.S.C. § 2254(b)(1)(A); Cullen v. Pinholster, 563 U.S. 170, 182 (2011); Peterson v. Lampert, 319 F.3d 1153, 1155 (9th Cir. 2003) (en banc) (stating exhaustion requirements). In addition, it is petitioner's responsibility to make his claims clear on their face when he presents them. "Petitioners must plead their claims with considerable specificity before the state courts in order to satisfy the exhaustion requirement." Rose v. Palmateer, 395 F.3d 1108, 1111 (9th Cir. 2005). "[M]ere similarity of claims is insufficient to exhaust." Duncan v. Henry, 513 U.S. 364, 366 (1995). This court will not weave facts and arguments from different parts of a state petition in an attempt to establish that the claims in the instant petition have been exhausted. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (recognizing that confusing pleadings impose unfair burdens on litigants and judges). Proof of exhaustion is petitioner's burden. See, e.g., Cartwright v. Cupp, 650 F.2d 1103. 1104 (9th Cir. 1981). He has failed to meet it. The court did not err in its original findings.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for reconsideration (ECF No. 23) is DENIED;

2. Within thirty days of the date of this order, consistent with order at ECF No. 20, petitioner shall either:

    a. File a motion to stay these proceedings, or

    b. File an amended petition; and

3. If petitioner neither moves for a stay nor voluntarily dismisses Claims One, Three and Four by amendment, the undersigned will recommend that respondent's motion to dismiss (ECF No. 10) be granted with respect to those claims.

DATED: March 6, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE