UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANNA SISOUNTHONE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ROBERT NEUSHCMID, Warden,<br><br>　　　　　Respondent. | No. 2:18-cv-3181 DAD AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se and in forma pauperis, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Before the court is respondent's motion to dismiss the petition on the grounds that it contains unexhausted claims. ECF No. 10. The motion is fully briefed. See ECF Nos. 15 (petitioner's opposition), 16 (respondent's reply). Also before the court is petitioner's request for an extension of time to file (1) "objections" to the court's "findings and recommendations" and (2) a request for a certificate of appealability. ECF No. 25.

　　I.　　PETITIONER'S MOTION

　　　　Petitioner requests extended time to object to findings and recommendations, ECF No. 25 at 1, but no findings and recommendations were pending in this case at the time the motion was filed. In light of the content of the motion and the procedural history of the case, the court has

1

construed petitioner's filing as a request for an extension of time to file a second motion for reconsideration of its November 2022 order inviting petitioner to either file a motion for a stay pending exhaustion or dismiss his unexhausted claims. See ECF No. 20 (order dated November 8, 2022), ECF No. 24 (order denying reconsideration). Those options were offered to petitioner as voluntary alternatives to a recommendation that apparently unexhausted claims be dismissed. Id. The motion for extended time will be denied, and petitioner will be provided the opportunity to object to the findings and recommendations on the exhaustion issue which issue for the first time below.

Petitioner also seeks extended time to file an application for a certificate of appealability. ECF No. 25 at 1. Because there has been no final order in this case, and the findings and recommendations that issue below do not propose final disposition of the case, there is no current or imminent certificate of appealability deadline to extend. Any request for a certificate of appealability must be brought after the court issues a final order at the conclusion of district court proceedings in the case. See 28 U.S.C. § 2253(a), (c)(1)(A).

II.     RESPONDENT'S MOTION TO DISMISS

A. Overview

Respondent contends that the petition should be dismissed because Claims One, Three and Four, as well as certain factual allegations and any putative claims based on them, are unexhausted. ECF No. 10. Petitioner argues in opposition that he exhausted all claims in the California Court of Appeal except for Claims Five and Six, which were withdrawn by appellate counsel. ECF No. 15 at 2-3.[1] Petitioner notes that the California Supreme Court "denied the request to review the Appellate Court's decision." Id. at 3. He appears to argue that these facts demonstrate exhaustion.

B. Exhaustion Requirement

The exhaustion of available state remedies is a prerequisite to a federal court's jurisdiction to consider claims presented in a habeas corpus petition. See 28 U.S.C. § 2254(b); Rose v.

---

[1] Petitioner's references to "Claims Five and Six" must reflect the numbering of claims on appeal in state court, as the federal petition does not contain any Claims Five and Six.

Lundy, 455 U.S. 509 (1982). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all of his claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-366 (1995) (per curiam); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008); cert. denied, 556 U.S. 1285 (2009).

"Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims." Henderson v. Johnson, 710 F. 3d 873, 873 (9th Cir. 2013) (citing Rose, 455 U.S. at 518-19). If a federal petition includes unexhausted claims, the petitioner must be permitted to delete the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 222 (2007) (citing Rhines, supra, 544 U.S. at 278); Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014); see Kelly, 315 F.3d at 1069-70 (reversing dismissal of mixed petition so court could offer petitioner opportunity to dismiss unexhausted claims and proceed to merits of others). "If a stay is not appropriate, the well-established rule that the district court is not to retain jurisdiction over mixed petitions applies." Wooten v. Kirkland, 540 F.3d 1019, 1026 (9th Cir. 2008) (citing Olvera v. Giurbino, 371 F.3d 569, 572 (9th Cir. 2004)).

C. Relevant Procedural History

1. Trial Court

Petitioner was charged in Sacramento County with multiple counts arising from the armed robberies of three convenience stores. The perpetrator of the three robberies wore a clown mask, and the primary issue at trial was petitioner's identity as the robber. On August 13, 2014, a jury found petitioner guilty of three counts of second-degree robbery in violation of California Penal Code § 211; one count of assault with a firearm (Penal Code § 245(a)(2)); two counts of false imprisonment (Penal Code § 236); and two counts of attempted second-degree robbery. ECF Nos. 11-1 at 1, 11-8 at 1.[2] Multiple firearm enhancements (Penal Code §§ 12022.5(a)(1),

---

[2] The original abstract of judgment states that petitioner was convicted of burglary on Counts (continued…)

3

12022.53(b), (c)) and a prior conviction (Penal Code 667.5(b)) were found to be true. See id. Petitioner was sentenced to fifty-seven years, four months in prison. Id.

### 2. State Post-Conviction Proceedings

Petitioner timely appealed, raising eight claims of error. See ECF No. 11-2 at 1-2.[3] On October 30, 2017, the appellate court ruled that the trial court had erred by failing to obtain petitioner's waiver of a jury trial as to a new prior conviction allegation. Id. All of petitioner's other allegations of error were determined to be without merit. Id. The judgment was accordingly affirmed as modified.[4] Id. at 22-23.

On or around November 30, 2017, petitioner filed a petition for review in the California Supreme Court. ECF No. 11-3. The petition presented four issues: (1) whether amendments to Penal Code sections 12022.5 and 12022.53 (firearm enhancements) apply to sentenced defendants whose cases are not yet final; (2) whether, when analyzing prejudice from multiple missing elements in a jury instruction, harmless error beyond a reasonable doubt can be found when there is conflicting evidence regarding one or more of the missing elements; (3) whether a jury's ability to review certain evidence for themselves necessarily defeats a defendant's showing of prejudice caused by inadmissible lay opinion regarding that same evidence and that evidence relates to the

---

One, Five and Six. ECF No. 11-1 at 1. This was an error that was subsequently corrected pursuant to order of the California Court of Appeal. See ECF No. 11-2 at 23 n.2 (order to amend); see ECF No. 11-8 (amended abstract of judgment).

[3] The opinion of the California Court of Appeal indicates that petitioner presented the following grounds for relief: (1) trial counsel's representation was constitutionally deficient because he did not object to the introduction of lay opinion; (2) the prosecutor committed prejudicial misconduct by soliciting lay opinion; (3) the evidence was insufficient as to one count of robbery because the victim did not possess the money; (4) the conviction for assault with a firearm was defective because the trial court did not instruct the jury on all elements of the offense; (5) the trial court imposed unauthorized sentences for attempted robbery; (6) the trial court erred by imposing consecutive sentences; (7) the trial court erred by failing to give reasons for imposing consecutive sentences; and (8) the court acted in excess of its jurisdiction when it allowed the prosecution to amend the information to change a prior conviction allegation after the jury had been discharged. Id.

[4] The California Court of Appeal modified the trial court judgment by striking: (1) the true finding on the second prior conviction and prison term for possession of ammunition by a convicted felon, and (2) the associated one-year enhancement imposed for that prior prison term. As a result, the matter was remanded to the trial court to prepare and deliver an amended abstract of judgment to the California Department of Corrections and Rehabilitation. ECF No. 11-2 at 23-24, n.2.

ultimate issue in dispute; and (4) whether a reviewing court may infer, under the substantial evidence standard, that a bystander at an attempted convenience store robbery was also the victim of an attempted robbery of his own personal funds by virtue of the robber's command "Give me all the money" directed at the counter area. ECF No. 11-3 at 8-9.

On January 31, 2018, the California Supreme Court granted the petition and transferred the case to the California Court of Appeal, directing it to vacate its decision and reconsider the matter in light of Senate Bill 620. ECF No. 11-4. That legislation had granted the courts discretion to strike firearms enhancements. ECF No. 11-5 at 23-24. The Court of Appeal in turn remanded the case to the superior court, for the exercise of its discretion under the new law. ECF No. 11-5 at 23-24. On resentencing, the superior court re-imposed the original sentence. ECF No. 11-8 (amended abstract of judgment filed July 27, 2018).

On or around May 17, 2018, petitioner filed a second petition for review in the California Supreme Court. ECF No. 11-6. This petition restated the issues presented in the first petition for review regarding the evaluation of prejudice from instructional error, the jury's consideration of lay opinion evidence, and whether the evidence was sufficient to establish that a bystander had been a victim. Id. at 2-3. The petition was denied without comment or citation. ECF No. 11-7.

### 3. The Federal Petition

The federal petition was docketed on December 10, 2018. ECF No. 1. It presents the following four grounds for relief: (1) imposition of consecutive sentence violated California Penal Code section 654's prohibition against multiple punishment; (2) the prosecutor's questioning of witnesses and use of surveillance videos at trial violated due process by suggesting petitioner's identification; (3) trial counsel was ineffective assistance in failing to request a lineup and not objecting to the prosecutor's improper expert opinion about DNA evidence; and (4) the prosecutor committed misconduct and violated petitioner's confrontation rights by offering expert opinion about DNA evidence that constituted hearsay. Id. at 4-5. A lengthy supporting memorandum includes argument in support of these claims and references numerous other issues that are not specified as grounds for relief. Id. at 7-39. The petition is supported by hundreds of pages of exhibits.

D. Analysis

1. Claim Two is Exhausted

Respondent acknowledges that Claim Two of the federal petition was previously presented to the California Supreme Court and is therefore exhausted. In Claim Two, petitioner "challenges suggestive identification under due process and the right to exclude identification testimony." ECF No. 1 at 4. He alleges that "unnecessarily suggestive procedures" led to "an irreparably mistaken identification." Id. The supporting memorandum includes discussion of the trial testimony and video surveillance evidence that was introduced to prove that petitioner was the robber, and attacks that evidence as improper and insufficient. Petitioner also contends that statements by the prosecutor about this evidence constituted impermissible opinion testimony. Id. at 19-20. This issue was included in both of petitioner's applications to the California Supreme Court, which sought review of the intermediate appellate court's ruling that any error regarding the identification evidence was harmless because the jurors had reviewed the video themselves. See ECF No. 11-3 at 27-32; ECF No. 11-6 at 14-19. Because the factual and legal basis of Claim Two was presented to the state's highest court, the claim is exhausted. See Duncan, 513 U.S. at 365-366.

2. All Other Claims are Unexhausted

Claim One of the federal petition, which challenges petitioner's consecutive sentences, was raised in the California Court of Appeal but was never presented to the California Supreme Court. See ECF Nos. 11-3, 11-6 (petitions for review); compare ECF No. 11-2 (Appellant's Opening Brief) at 1-2. This claim is therefore unexhausted.[5] See Picard, 404 U.S. at 276.

Claim Three, alleging ineffective assistance of trial counsel, was also presented to the intermediate appellate court but not included in either petition for review in the California Supreme Court. See ECF Nos. 11-3, 11-6; compare ECF No. 11-2 at 1-2. Because the claim was

////

---

[5] The claim is based on an alleged violation of the California Penal Code rather than any federal right, and therefore provides no basis for federal habeas relief in any event. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (question of state sentencing law are not cognizable in federal habeas).

not presented to the highest state court, it is unexhausted. See Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Claim Four contends that the prosecutor made statements about DNA evidence that amounted to hearsay testimony and violated petitioner's Sixth Amendment right to confrontation. This issue was not presented in the petitions for review. ECF Nos. 11-3, 11-6. Although there are references in those petitions both to DNA evidence and to other allegedly improper statements by the prosecutor, neither petition mentions hearsay or the Confrontation Clause as an issue presented for review. Accordingly, Claim Four is unexhausted. See Wooten, 540 F.3d at 1025.

Petitioner insists that Claims One, Three and Four were exhausted, but he appears to rely on presentation to the California Court of Appeal. See ECF No. 15 at 7-11, 27, 29-31, 91-93, 160, 162. Only presentation to the California Supreme Court satisfies the exhaustion requirement. See Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). Claims omitted from the petitions for review are therefore not exhausted.

Respondent contends that additional factual allegations, included in a lengthy narrative attached to the petition, are unexhausted to the extent they are intended to support additional claims. See ECF No. 10 (motion to dismiss) at 1, 4. The undersigned does not construe the petition to state claims other than those expressly identified as grounds for relief. See ECF No. 1 at 4-5 (Grounds for Relief One through Four). Petitioner's addendum appears to be largely a patchwork memorandum in support of his stated claims, borrowed from prior briefing in the state appellate courts. Id. at 7-39. Petitioner's opposition to the motion to dismiss, ECF No. 15, contains no indication that petitioner is attempting to present substantive grounds for relief other than the four expressly identified. See ECF No. 15. Accordingly, there are no additional claims which must be evaluated for exhaustion.[6]

---

[6] The exhaustion requirement applies to claims, not to individual factual allegations or items of evidence. See Correll v. Stewart, 137 F.3d 1404, 1414 n.2 (9th Cir.), cert. denied, 525 U.S. 996 (1998); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008). Accordingly, the undersigned need not address respondent's contention that certain "facts" are unexhausted. Petitioner's exhausted *claim* is, of course, limited to the factual basis for relief that was presented to the California Supreme Court. See Rose, 455 U.S. at 513. And only the allegations and evidence that were (continued…)

### 3. The Petition is Mixed

A mixed petition may not be entertained. Henderson v. Johnson, 710 F. 3d 873, 873 (9th Cir. 2013). Because Claim Two is exhausted, petitioner should be permitted to proceed on that claim and that claim only. The motion to dismiss for non-exhaustion should be granted as to Claims One, Three and Four.

### III. PLAIN LANGUAGE SUMMARY FOR A PRO SE LITIGANT

The magistrate judge finds that Claim Two (due process violations by the prosecutor related to identification evidence) is the only claim in your federal habeas petition that you presented to the California Supreme Court. That means it is your only exhausted claim. Including issues in your appeal didn't exhaust them unless they were also in your petition for review. You were previously offered the opportunity to seek a stay so you could try to exhaust claims, and you chose not to do that. The magistrate judge is now formally recommending that Claims One, Three and Four of your federal habeas petition be dismissed as unexhausted. You will have thirty days to object to these findings and recommendations.

Your motion for an extension of time is being denied because when you filed it there were no deadlines to extend.

### CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that petitioner's motion for an extension of time (ECF No. 25) is DENIED.

IT IS FURTHER RECOMMENDED that respondent's motion to dismiss (ECF No. 10) be GRANTED IN PART and DENIED IN PART as follows:

 1. GRANTED as to Claims One, Three and Four of the federal petition, and

 2. DENIED as to Claim Two.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

before the state court may be considered in determining whether AEDPA's limitations on relief, 28 U.S.C. § 2254(d), preclude consideration of the exhausted claim. See Cullen v. Pinholster, 563 U.S. 170, 181-83 (2011). The scope of § 2254(d) review is an issue distinct from the exhaustion doctrine, however.

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 25, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE