UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANNA SISOUNTHONE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROBERT NEUSHCMID, Warden,<br><br>　　　　Respondent. | No. 2:18-cv-03181-DAD-AC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS IN PART<br><br>(Doc. Nos. 10, 25, 26) |

　　　　Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 26, 2023, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss the pending petition as presenting only unexhausted claims be granted as to Claims One, Three and Four and denied as to petitioner's Claim Two.  (Doc. No. 26.)  The findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within fourteen (14) days of the date of their service.  Petitioner filed his objections to the pending findings and recommendations on April 27, 2023 and May 4, 2023.[1]  (Doc. Nos. 28, 29.)  Additionally, on those same dates, petitioner filed

---

[1] The two sets of objections submitted by petitioner are essentially identical except that to the later filed objections petitioner attached 34 pages of exhibits made up of excerpts of documents referred to in the objections.

1

identical motions for a certificate of appealability attaching the same exhibits as those attached to his May 4, 2023 motion. (Doc. Nos. 27, 30.) Respondent has not filed replies to petitioner's objections or motions.

Petitioner does not object to the pending recommendation that his Claims One and Four be dismissed.[2] Rather, his "objection is specifically raised with regard to claim Three – ineffective assistance of counsel [] only." (Doc. No. 28 at 1.) The pending findings and recommendations found that petitioner's Claim Three for ineffective assistance of counsel had not been fairly presented to the California Supreme Court and was therefore subject to dismissal as unexhausted. (Doc. No. 29 at 1-6.) Specifically, as to petitioner's claim that he received ineffective assistance from his trial counsel as alleged in his petition for federal habeas relief in Claim Three, the findings and recommendations stated:

> Claim Three, alleging ineffective assistance of trial counsel, was also presented to the intermediate appellate court but not included in either petition for review in the California Supreme Court. *See* ECF Nos. 11-3, 11-6; compare ECF No. 11-2 at 1-2. Because the claim was not presented to the highest state court, it is unexhausted. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

(Doc. No. 26 at 6–7.) In his somewhat difficult to decipher objections, petitioner contends that the findings and recommendations are in error in this regard and that he did present an ineffective assistance of counsel claim to the California Supreme Court by way of his petition for review filed with that court following the affirmance of his judgment of conviction on appeal by the California Court of Appeal. (*See* Doc. No. 29 at 2) (citing Ex. B. at 18-19).

A review of the record before this court reflects that petitioner is partially correct. In both of his petitions for review filed with the California Supreme Court petitioner's counsel at least arguably presented claims that he was denied his Sixth Amendment right to effective assistance of counsel. (*See* Doc. No. 11-3 at 30–31 ("Appellant's Sixth Amendment Right to Assistance of Counsel and Fourteenth Amendment Right to Due Process Were Violated"); Doc. No. 11-6 at

---

[2] In passing, petitioner does contend in his objections that he should have been granted leave to amend his pending petition with respect to his Claims Two and Three. (Id. at 7-8.) However, petitioner suggests no specific amendment of those claims and this vague objection provides no basis upon which to reject the pending findings and recommendations.

2

1    18–19 (same)). Even if the argument advanced by counsel following these argument headings
2    was not entirely focused on the asserted ineffective assistance, the undersigned concludes that
3    both references were sufficient to alert the California Supreme Court that the petition was
4    alleging a federal constitutional violation of petitioner's Sixth Amendment rights. Accordingly,
5    the undersigned will not adopt the pending findings and recommendation to the extent that they
6    concluded that petitioner failed to present an ineffective assistance of trial counsel claim to the
7    highest state court. However, that does not end the inquiry. The question remains, what
8    ineffective assistance of counsel claim was presented to the California Supreme Court and is it the
9    same such claim upon which petitioner now seeks federal habeas relief in his Claim Three? As
10   explained below, the answer is, it is not.

11            The nature, scope and factual basis of the ineffective assistance claim presented to this
12   federal habeas court is initially somewhat difficult to determine. (*See* Doc. No. 1 at 5) (failing to
13   identify acts or omissions of counsel that are at issue). However, petitioner's supporting
14   memorandum does contain more specific factual allegations upon which his ineffective assistance
15   claim here is based. (*Id*. at 20–21.) There, petitioner clearly alleges that his counsel was
16   ineffective in failing to request a lineup, failing to obtain and present testimony from a defense
17   expert on eye-witness identifications, and by failing to hire a DNA expert. (*Id.*) In contrast, the
18   factual predicate for petitioner's assertion that he received ineffective assistance that was raised
19   on appeal in state court and then referenced in the petitions for review filed in the California
20   Supreme Court was clearly not based upon his trial counsel's alleged failure to seek a lineup or to
21   hire expert witnesses: it was strictly and solely based on his trial counsel's asserted failure to
22   object to "improper lay opinion"—specifically, percipient witness testimony offered at
23   petitioner's trial as to what the surveillance video evidence showed regarding the robber's
24   appearance. In this regard, the petitions for review filed by petitioner's counsel in the California
25   Supreme Court refer to the issue of ineffective assistance of counsel solely in the context of a
26   failure to object to "improper lay opinion." (*See* Doc. Nos. 11-3 at 27–28; 11-6 at 14–16.)
27            Therefore, the court concludes that the factual basis of petitioner's ineffective assistance
28   of counsel claim (Claim Three) in his federal petition was not presented to the highest state court

1  and is thus unexhausted.  *See Gulbrandson v. Ryan,* 738 F.3d 976, 992 (9th Cir. 2013) (individual
2  instances of ineffective assistance of counsel must be individually exhausted) (citing *Moormann*
3  *v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005) and *Carriger v. Lewis*, 971 F.2d 329, 333 (9th
4  Cir. 1992) (en banc)).
5        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
6  *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's
7  objections, the undersigned concludes that the magistrate judge's findings and recommendations
8  are supported by the record and proper analysis with the exception that the court declines to adopt
9  the finding that petitioner failed to present an ineffective assistance of trial counsel claim to the
10 highest state court.  Nonetheless, for the reasons explained above, the court will adopt the
11 recommendation that petitioner's Claims One, Three, and Four of the petition are unexhausted
12 and are subject to dismissal on that basis.
13       Accordingly,
14     1.     As to the findings and recommendations issued April 26, 2023 (Doc. No. 26), the
15         findings are adopted in part and the recommendations are adopted in full;
16     2.     Respondent's motion to dismiss (Doc. No. 10) is granted in part and denied in part
17         as follows:
18         a.     Claims One, Three, and Four of the pending federal petition are dismissed
19             because they are unexhausted[3]; and
20         b.     This action now proceeds only on Claim Two of the pending federal
21             petition because Claim Two is exhausted;
22     3.     Petitioner's motions for a certificate of appealability (Doc. Nos. 27, 30) are denied,
23         without prejudice, as premature; and

---

[3] Petitioner has also filed two requests seeking the issuance of a certificate of appealability if the pending findings and recommendations are adopted.  (Doc. Nos. 27, 30.)  However, no final order has issued in this case and petitioner's Claim Two as presented in the pending petition remains before this court.  *See Quezada v. Scribner*, No. 04-cv-7532-RSW-PJW, 2017 WL 8786656, at *1 (C.D. Cal. 2017) ("Petitioner's request for a Certificate of Appealability on this issue is denied without prejudice because it is premature.  Under 28 U.S.C. § 2253, a Certificate of Appealability may only be issued after a final order is issued.").

4. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **July 21, 2023**       /s/ Dale A. Drozd
                               UNITED STATES DISTRICT JUDGE