1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VANNA SISOUNTHONE,                        No.  2:18-cv-03181 DAD AC

12                  Petitioner,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   ROBERT NEUSCHMID,

15                  Respondent.

16

17        Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus

18   action filed pursuant to 28 U.S.C. 2254.  This matter was referred to a United States Magistrate

19   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        Currently pending is petitioner's motion for abstention pursuant to Younger v. Harris, 401

21   U.S. 37 (1971).  ECF No. 32.  Respondent has filed an opposition and the time for petitioner to

22   file a reply has expired.  For the reasons that follow, the undersigned recommends granting

23   petitioner's motion and dismissing his habeas petition without prejudice.

24        I.      Procedural History

25        Petitioner filed the pending federal habeas petition raising four claims for relief on

26   November 17, 2018.[1]  ECF No. 1.  By order dated July 24, 2023, the court partially granted

27   _____

28   [1] All filing dates have been calculated using the prison mailbox rule.  See Houston v. Lack, 487
     U.S. 266 (1988).

                                            1

respondent's motion to dismiss with respect to claims one, two, and four.  ECF No. 31.  The case was referred back to the undersigned for further proceedings on a single claim for relief: petitioner's due process challenge to the prosecutor's questioning of witnesses and use of surveillance videos to suggest that petitioner perpetrated the robberies.

On September 7, 2023, petitioner filed a motion for abstention pursuant to Younger v. Harris, 401 U.S. 37 (1971).  In the motion, petitioner requests that the court abstain from ruling on his remaining claim for relief because his state court criminal proceedings "are ongoing and not yet final."  ECF No. 32 at 1.  Specifically, petitioner indicates that he is pending resentencing in the Sacramento County Superior Court.  Id. at 2.

Respondent filed a technical opposition to the motion, but indicated that there was no opposition to the dismissal of the case as required by Younger.  ECF No. 34.  If petitioner was seeking a stay of proceedings instead of a dismissal, then respondent opposes the motion.

Petitioner did not file a reply clarifying whether he is requesting a dismissal without prejudice or a stay of proceedings.  The time to file a reply has expired.

A review of the online docket of the Sacramento County Superior Court indicates that petitioner was resentenced on January 12, 2024.  See Sacramento Superior Court, Public Case Access System, available at https://tinyurl.com/3snc8sz5.[2]  However, petitioner filed a notice of appeal.  Petitioner's appeal of his resentencing is pending in the California Court of Appeal.  See California Court of Appeal, Appellate Courts Case Information, available at https://tinyurl.com/2p84xs5f.

II.     Legal Standards

Under Younger, federal courts may not interfere with a pending state criminal prosecution absent extraordinary circumstances.  Younger, 401 U.S. at 45; Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 882 (9th Cir. 2011).  Abstention is appropriate if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) that implicates important

---

[2]  The court may properly take judicial notice of state court dockets, including those found on the internet.  See Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (footnote and citations omitted); Fed. R. Evid. 201(b)(2).

state interests; (3) in which there is an adequate opportunity to raise constitutional challenges; and

(4) the requested relief either seeks to enjoin, or has the practical effect of enjoining, the ongoing

state judicial proceeding.  See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir.

2007) (adding the "vital and indispensable fourth element…..").  All four elements must be

satisfied to warrant abstention.  See AmerisourceBergen, 495 F.3d at 1149.  If all of these factors

are met, the federal court must abstain from ruling on the issues and dismiss the federal action

without prejudice, unless there are extraordinary or special circumstances which pose an

immediate threat of irreparable injury.  See Perez v. Ledesma, 401 U.S. 82, 85 (1971) (limiting

"extraordinary circumstances" to those cases involving proven harassment by state officials,

prosecutions undertaken "in bad faith without hope of obtaining a valid conviction," or where

"irreparable injury can be shown."); Kenneally v. Lungren, 967 F.2d 329, 331–32 (9th Cir. 1992).

III.    Analysis

In this case, only the first two criteria for Younger abstention are present.  It is apparent

from the face of the petition that state criminal proceedings were still pending when petitioner

filed his 28 U.S.C. § 2254 petition.  ECF No. 1 at 6; see also Beltran v. State of California, 871

F.2d 777, 782 (9th Cir. 1988) (stating that for purposes of Younger abstention analysis, the

pendency of state proceedings is determined "at the time the federal action was filed").

Second, the ongoing state criminal proceedings implicate an important state interest in

applying retroactive changes to the state's own sentencing laws.  See Younger, 401 U.S. at 43-44.

In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a

defendant entitled to have federal interposition by way of injunction or habeas corpus until after

the jury comes in, judgment has been appealed from and the case concluded in the state courts.'"

Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980) (quoting Drury v. Cox, 457 F.2d 764,

764-65 (9th Cir. 1972)).

"Properly framed, the third requirement for Younger abstention asks whether there

remains an opportunity to litigate the federal claim in a state-court proceeding at the time the

federal court is considering whether to abstain."  Duke v. Gastelo, 64 F.4th 1088, 1096 (9th Cir.

2023).  In this case, as in Duke, the state court on resentencing is not addressing the due process

claim raised in petitioner's federal habeas petition that claim has already been exhausted in prior state court proceedings.  Duke, 64 F.4th at 1098 (emphasizing that "[t]he federal petition seeks a retrial and the chance to be acquitted of all charges; the state proceeding seeks a reduced offense and resentencing.").  Thus, the third Younger factor is not met in this case.  Since all of the Younger factors have not been established, a dismissal without prejudice of petitioner's federal habeas application is not appropriate in the present case.  See Duke, 64 F.4th at 1094.

The remaining question is whether the federal habeas petition should be stayed pending resolution of petitioner's state court appeal of his resentencing.  See Duke, 64 F.4th at 1098 (concluding that the district court erred in denying petitioner a stay of his federal habeas petition during pendency of his state court resentencing).  Although the court previously explained the available stay options to petitioner, he did not then, and does not now, request a stay pursuant to either Rhines v. Weber, 544 U.S. 269, 278 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).[3]  See ECF No. 20 at 7-10.  However, this court has the discretionary power to stay these proceedings.  See Landis v. North American Co., 299 U.S. 248, 254 (1936) (stating that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  In considering a stay, the court considers "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  CMAX, Inc. v. Hall, 300 F.2d 265 (9th Cir. 1962) (citation omitted).  Although respondent opposes a stay of this action, he does not cite to any prejudice he would suffer as a result.  See

---

[3]  The court further notes that a Rhines stay would not be available since the pending federal habeas application is not a mixed or wholly unexhausted petition.  Rhines, 544 U.S. at 277-78 (explaining the stay option available for mixed petitions); Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to wholly unexhausted petitions).  The three-step Kelly stay was created in order to allow a petitioner to subsequently amend his federal habeas petition by adding claims back into the petition once they are properly exhausted in state court.  That is not the purpose of staying the present action.  Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

ECF No. 34.  Requiring petitioner to proceed on his single due process claim before his state

court conviction is even final could result in hardship or inequity to petitioner.  See Duke, 64

F.4th 1099 (concluding that "denying a stay unnecessarily created a significant risk that Duke

would lose his one chance for federal review of his constitutional claims.").  Therefore, the

undersigned recommends staying the pending § 2254 petition during the pendency of the state

court appeal of petitioner's resentencing.

IV.     Plain Language Summary for Pro Se Party

Since the pending state court appeal of your resentencing does not include the due process

claim in your federal habeas petition, Younger abstention is not appropriate.  Therefore, the court

is recommending that your motion for abstention be denied.  However, a stay of this case is

recommended until your state court appeal is decided.

If you disagree with this recommendation, you have 14 days to explain why it is not the

correct decision in your case.  Label your explanation "Objections to Magistrate Judge's Findings

and Recommendations."  The district judge assigned to your case will then review the file and

make the final decision in your case.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's motion for abstention (ECF No. 32) based on Younger v. Harris, 401 U.S.

37 (1971), be denied.

2.  A stay of this action be issued.

3.  The Clerk of Court be directed to administratively stay this case pending resolution of

petitioner's state court appeal of his resentencing.

4.  Petitioner be required to file a status report every 6 months indicating what decision, if

any, has been made in his state court appeal.

5.  Petitioner be further directed to file a motion to lift the stay of this action within 30

days from the date of any decision by the California Supreme Court.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE