UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANNA SISOUNTHONE,<br><br>Petitioner,<br><br>v.<br><br>ROBERT NEUSCHMID,<br><br>Respondent. | No. 2:18-cv-03181-DAD-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION SEEKING FEDERAL HABEAS RELIEF ON THE MERITS<br><br>(Doc. Nos. 1, 45) |

Petitioner Vanna Sisounthone is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 30, 2025, the assigned magistrate judge issued findings and recommendations recommending that petitioner's federal habeas petition, proceeding on a single claim of constitutional error at trial, be denied on the merits. (Doc. No. 45.) In those findings and recommendations, the magistrate judge carefully examined petitioner's sole remaining claim for federal habeas relief—that the prosecutor's questioning of witnesses and use of surveillance videos at his trial in state court improperly suggested his identification as the perpetrator of the charged crimes in violation of his right to due process. (*Id*. at 4–11.) The magistrate judge concluded that, under the standard of review applicable under 28 U.S.C. § 2254(d)(1), petitioner

1

1   had failed to show that the state court decision rejecting this claim for relief was contrary to, or an
2   unreasonable application of, clearly established law as determined by the Supreme Court, or
3   resulted in a decision based on an unreasonable determination of the facts.[1] (*Id*. at 10.) Indeed,
4   the magistrate judge concluded that even were petitioner's claim to be subject to *de novo* review,
5   without the Antiterrorism and Effective Death Penalty Act's required deference, no constitutional
6   error had been shown, noting the extensive evidence supporting the jury's conclusion as to
7   identity and observing that when the record was considered as a whole "the basic fairness of
8   petitioner's trial is apparent." (*Id*. at 10–11.)

The pending findings and recommendations were served upon the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id*. at 42.) Neither party filed objections to the pending findings and recommendations and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Having concluded that the pending petition must be denied, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner

---

[1] The undersigned notes that the magistrate judge declined to adopt respondent's argument that petitioner's sole remaining claim for habeas relief was procedurally defaulted due to his trial counsel's failure to object at trial and instead bypassed the procedural default issue by reaching the merits of petitioner's claim. (Doc. No. 45 at 9.) The undersigned too adopts this approach.

is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on [her] . . . part." *Miller-El*, 537 U.S. at 338.  In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied to be debatable or wrong, or that the issues presented are deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Therefore, the court will decline to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on June 30, 2025 (Doc. No. 45) are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is DENIED on the merits;
3. The court DECLINES to issue the certificate of appealability referenced in 28 U.S.C § 2253; and
4. The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:  **September 9, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE